UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

_____ X
: Case No.: 1:24-cv-07814-JHR
ROBERT HUNTER BIDEN, :
:
*Plaintiff*, : **DECLARATION OF COUNSEL**
:
v. :
:
:
FOX NEWS NETWORK, LLC; FOX :
CORPORATION; VIET D. DINH; JASON :
KLARMAN; and JOHN and JANE :
DOES 1-100, :
:
*Defendants*. :
:
_____ X

I, Tina Glandian, Esq., hereby declare, pursuant to 28 U.S.C. § 1746, as follows:

1. I am counsel for Plaintiff Robert Hunter Biden and make this declaration upon personal knowledge unless otherwise indicated.

2. I submit this declaration in support of Plaintiff's motion for remand and for his attorneys' fees and costs, pursuant to 28 U.S.C. § 1447(c).

3. On the morning of October 15, 2024, on behalf of Plaintiff, I filed a Summons and Verified Complaint in New York Supreme Court, Index No. 159463/2024, against Defendants Fox News Network, LLC ("Fox News"), Fox Corporation (hereafter collectively with Fox News, the "Fox Defendants"), Viet Dinh, Jason Klarman, and Does 1-100.

4. Less than one hour after the state court action was commenced, we effectuated service of process on Defendant Fox News by having a process server personally deliver the process (Summons, Verified Complaint, and Notice of Electronic Filing) to the Secretary of State

located at 99 Washington Ave, Albany, New York 12210. Attached hereto as Exhibit 1 is an Affirmation of Service by Andrew Cervelli attesting to the service on Defendant Fox News. Service of process was also effectuated that day in California on Defendant Fox Corporation.

5. At 4:10 p.m. on October 15, 2024, I received an email by the Fox Defendants' counsel containing a notice of removal of the action to the Southern District of New York. Attached hereto as Exhibit 2 is a true and correct copy of email correspondence between me and the Fox Defendants' counsel, which contains the referenced email on pages 3-4.

6. In a subsequent email I received on October 16, 2024, the Fox Defendants' counsel, Steven Engel, advised me that his firm would be representing all defendants in the matter. *See* Exhibit 2 at p. 3. Mr. Engel acknowledged service the day before on Defendant Fox Corporation but not on Defendant Fox News, and he offered to accept service for the other defendants. *See id.* I advised Mr. Engel that Fox News had been served in the morning on October 15, 2024 and inquired as to the time the Fox Defendants had filed their notice of removal. *See id.* at p. 2. Mr. Engel advised me that the Fox Defendants had filed their notice of removal (Dkt. 1) at 1:32 p.m. on October 15, 2024, and he asked me for supporting documentation showing earlier service on Defendant Fox News. *See id.* at p. 1.

7. On October 17, 2024, I emailed Mr. Engel the Affidavits of Service demonstrating service on the Fox Defendants and Defendant Jason Klarman[1], as well as the Affidavit of Attempts on Defendant Viet Dinh.[2] Attached hereto as Exhibit 3 is a true and correct copy of the email with

---

[1] The Fox Defendants thereafter claimed there was a discrepancy with the Affidavit of Service related to Defendant Klarman. After several emails back and forth, rather than waste time engaging further on this issue, which was ultimately irrelevant to the removal issue (since Plaintiff did not claim that service on Mr. Klarman was complete prior to the Fox Defendants' filing of their notice of removal), Defendant Klarman was served through his counsel on October 18, 2024, as agreed to by Mr. Engel. Furthermore, the alleged discrepancy related to service on Defendant Klarman is irrelevant to the service on Defendant Fox News, since the service on these defendants was done by different process servers.

[2] Defendant Viet Dinh was served through his counsel on October 16, 2024, as agreed to by Mr. Engel.

the attached Affidavits of Service I sent to Mr. Engel on October 17, 2024. Based on the Affidavit of Service demonstrating that Defendant Fox News had been served at 9:56 a.m., Exhibit 3 at p. 2, hours before the Fox Defendants filed their notice of removal, I asked Mr. Engel if the Fox Defendants would withdraw their notice of removal, which was defective and contained an incorrect representation that at the time of filing, neither Fox News nor Fox Corporation had been served with the Complaint, *see id.* at p. 1. I further advised Mr. Engel that in the event that the Fox Defendants did not do so, we intended to file a motion for remand in which we would seek our attorneys' fees and costs incurred in connection with the improper removal and such motion pursuant to 28 U.S.C. § 1447(c). *See id.*

8. On October 21, 2024, Mr. Engel advised me by email that Fox News had not yet received any papers from the New York Secretary of State, although he recognized that there "can be a lag in such delivery." Mr. Engel asked if I had "any other evidence, beyond the affidavit, that might corroborate that the papers were served on the Secretary of State and the timing of such service".

9. On October 21, 2024, pursuant to Mr. Engel's request, I provided further corroboration of the time of service on Defendant Fox News in the form of an email I received on October 15, 2024 at 10:49 a.m. from Robert Lawson of Lawson Legal Services / New York Process Servers, confirming the service on the Secretary of State at 9:56 a.m. that day by process server Andrew Cervelli. Attached hereto as Exhibit 4 is a true and correct copy of email correspondence between me and Engel, which includes on pages 6-9, the October 21, 2024 email I sent to Mr. Engel, and which forwarded a true and correct copy of the October 15, 2024 email I received from Robert Lawson. In that same email, I again advised Mr. Engel that their notice of removal was improper and deficient, since Fox News had been served prior to the filing of the notice of removal,

complete diversity does not exist between the parties, and Defendant Viet Dinh was not fraudulently joined. *See* Exhibit 4 at p. 6-7.

10. In an email on October 23, 2024, Mr. Engel thanked me for providing this information and told me he would advise me of the Fox Defendants' position on the withdrawal of their notice of removal in a few days. *See id.* at p. 6.

11. After further email correspondence, I checked back in with Mr. Engel on October 29, 2024, who told me he would circle back the next day after checking with his clients. *See id.* at p. 3.

12. When I had not heard back, I checked in with Mr. Engel again by email on October 31, 2024, at which time he told me that the Fox Defendants intended to file an amended notice of removal the next day. *See id.* at p. 1.

13. On November 1, 2024, the Fox Defendants filed an amended notice of removal wherein they claimed for the first time that the Court has federal jurisdiction over this matter based on the Copyright Act based on excerpts from a pre-trial letter I had sent to the Fox Defendants six months before this action was commenced. *See* Dkt. 11.

14. Specifically, on April 23, 2024, I sent the Fox Defendants a pre-trial demand letter which outlined a broad range of potential claims which Mr. Biden had against the Fox Defendants, which included claims arising from the Fox Defendants' conspiracy to defame him and paint him in a false light based on its extensive publication and coverage of debunked bribery allegations, claims arising from the commercial exploitation of Plaintiff's image, name, and likeness in "The Trial of Hunter Biden" under section 50 and 51 of the New York Civil Rights Law, the unlawful publication and dissemination of intimate images of Mr. Biden depicting him in the nude as well as engaged in sex acts (hereafter the "Intimate Images") in "The Trial of Hunter Biden," and

copyright infringement claims for the limited category of the Intimate Images which were "selfies" taken by Mr. Biden himself.[3] The letter demanded that the Fox Defendants (1) update their readers and viewers that the source of the debunked bribery allegations has been federally indicted for fabricating the allegations, (2) immediately remove "The Trial of Hunter Biden" from any and all streaming platforms including Fox Nation, and advise all third-party streaming services that they must likewise remove the program from their respective streaming services, (3) expeditiously remove and disable access to any and all Intimate Images of Mr. Biden, and (4) preserve all potentially relevant evidence.

15. On or about April 30, 2024, the Fox Defendants removed "The Trial of Hunter Biden" from Fox Nation's streaming platform.

16. On June 30, 2024, on behalf of Mr. Biden, I filed a Verified Complaint against the Fox Defendants in New York County Supreme Court, Index No. 155948/2024. *See* Dkt. 11-2. The Complaint filed on June 30, 2024 was substantially similar to the one filed in the instant action on October 15, 2024 and it alleged the same three state law claims: violation of New York Civil Rights Law section 52-b, intentional infliction of emotional distress, and unjust enrichment. The main difference in the two Complaints is that the latter one added two individual defendants, Jason Klarman and Viet Dinh.

17. Contrary to the Fox Defendants' claim of fraudulent joinder, Defendant Dinh was not an afterthought who was added to defeat diversity jurisdiction. Rather, the Complaint filed on June 30, 2024 identified Mr. Dinh, the Chief Legal and Policy Officer of Fox Corporation from 2018 until the end of 2023 (which covers the period in which "The Trial of Hunter Biden" was produced and first made available for streaming), as a potential joint tortfeasor. *See* Dkt. 11-2, ¶¶

---

[3] The Intimate Images in "The Trial of Hunter Biden" include numerous photographs which were not taken by Mr. Biden and which would not be copyrightable by him.

18-25. However, given the Fox Defendants' prompt removal of "The Trial of Hunter Biden" from Fox Nation's streaming platform within one week of our pre-trial demand letter, we proceeded against the Fox Defendants in the original action believing they would do the right thing and settle (or at least attempt to settle) the case once it was filed. However, when it became evident that the Fox Defendants intended to litigate instead (and when they removed the case to federal court where we knew the case does not belong), and given that Mr. Biden had recently retained our firm to represent him in trial in California which was scheduled to begin on September 5, 2024, we voluntarily discontinued the original action so we could focus on Mr. Biden's trial and subsequently pursue this action against the appropriate parties.

18. When we commenced the instant action on October 15, 2024, we added the two individual defendants we have been able to identify as responsible parties in the absence of discovery, namely Defendants Viet Dinh and Jason Klarman. Aside from Mr. Dinh, we have a good faith basis to believe that discovery may reveal other individual defendants who are also California residents like Mr. Dinh and Mr. Biden.

19. Moreover, as both the June 30, 2024 and the October 15, 2024 Complaints demonstrate, Plaintiff chose not to pursue all of his potential claims which were outlined in the pre-trial demand letter sent on April 23, 2024, including claims arising from the Fox Defendants' conspiracy to defame Plaintiff and paint him in a false light, claims arising from the commercial exploitation of Plaintiff's image, name, and likeness, and claims for copyright infringement.

20. To be clear, the Verified Complaint filed on October 15, 2024 does not allege any copyright infringement by the Fox Defendants, or otherwise implicate the federal Copyright Act. In fact, Mr. Biden has not registered any Intimate Images of himself as a copyrighted work with the Copyright Office.

I declare under penalty of perjury that the foregoing is true and correct to be best of my knowledge and belief.

Dated:  New York, New York  	       */s/ Tina Glandian*
       November 13, 2024  	       Tina Glandian, Esq.