## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

ROBERT HUNTER BIDEN,

        *Plaintiff,*

    v.

FOX NEWS NETWORK, LLC; FOX
CORPORATION; VIET D. DINH; JASON
KLARMAN; and JOHN and JANE DOES 1-
100,

        *Defendants.*

Civil Action No. 1:24-cv-07814-JHR

---

## FOX DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR REMAND AND FOR ATTORNEYS' FEES AND COSTS

---

# **TABLE OF CONTENTS**

Page

PRELIMINARY STATEMENT ................................................................................................ 1

LEGAL STANDARDS ........................................................................................................... 4

ARGUMENT ......................................................................................................................... 6

    I.    This Court Has Federal Question Jurisdiction Over The Removed Action Because Mr. Biden's Claims Present Substantial Questions Under The Copyright Act ................................................................................................ 6

        A.    Mr. Biden's Claims Are Expressly Preempted. ....................................... 7

        B.    Mr. Biden's Claims Are Impliedly Preempted. ....................................... 8

        C.    The Fox Defendants' Nonfrivolous Preemption Arguments Are A Sufficient Basis for Removal. ................................................................. 11

        D.    Mr. Biden Fails To Establish The Absence Of A Question Under The Copyright Act. ............................................................................... 12

    II.    This Court Should Not Award Attorneys' Fees And Costs If It Remands The Action. .......................................................................................... 17

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Acorne Prods., LLC v. Tjeknavorian*,
    2014 WL 3360344 (E.D.N.Y. 2014)........................................................................18

*All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*,
    436 F.3d 82 (2d Cir. 2006)..................................................................................11

*Am. Girl, LLC v. Zembrka*,
    118 F.4th 271 (2d Cir. 2024) ...............................................................................13

*Aronson v. Dog Eat Dog Films, Inc.*,
    738 F. Supp. 2d 1104 (W.D. Wash. 2010)................................................8-9, 13

*Barnhart v. Federated Dep't Stores, Inc.*,
    2005 WL 549712 (S.D.N.Y. 2005)........................................................................10

*Bassett v. Mashantucket Pequot Tribe*,
    204 F.3d 343 (2d Cir. 2000)..................................................................................17

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007).............................................................................................13

*Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*,
    373 F.3d 296 (2d Cir. 2004)......................................................................5, 12, 14

*Caterpillar Inc. v. Williams*,
    482 U.S. 386 (1987)...............................................................................................5

*City of Rome, N.Y. v. Verizon Commc'ns, Inc.*,
    362 F.3d 168 (2d Cir. 2004)..................................................................................13

*Crosby v. Nat'l Foreign Trade Council*,
    530 U.S. 363, 373 (2000)......................................................................................8

*Cummings v. Soul Train Holdings LLC*,
    67 F. Supp. 3d 599 (S.D.N.Y. 2014)......................................................................9

*DeCarlo v. Archie Comic Publications, Inc.*,
    11 F. App'x 26 (2d Cir. 2001) .........................................................................9, 12

*Forest Park Pictures v. Universal Television Network, Inc.*,
    683 F.3d 424 (2d Cir. 2012)..................................................................................11

*Gibbons v. Bristol-Myers Squibb Co.*,
 919 F.3d 699 (2d Cir. 2019).............................................................................18

*In re Jackson*,
 972 F.3d 25 (2d Cir. 2020).......................................................................*passim*

*Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*,
 513 U.S. 527 (1995)................................................................................4, 11

*Laine v. Pride*,
 2010 WL 199927 (S.D.N.Y. 2010) ...............................................................16

*Martin v. Franklin Capital Corp.*,
 546 U.S. 132 (2005).............................................................................. 17-18

*McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*,
 2022 WL 18027555 (S.D.N.Y. 2022) ............................................................16

*Melendez v. Sirius XM Radio, Inc.*,
 50 F.4th 294 (2d Cir. 2024) ......................................................................6, 8

*Nowak v. Ironworkers Loc. 6 Pension Fund*,
 81 F.3d 1182 (2d Cir. 1996)...................................................................4-5, 11

*Pampillonia v. RJR Nabisco, Inc.*
 138 F.3d 459 (2d Cir. 1998).........................................................................18

*Reed Elsevier, Inc. v. Muchnick*,
 559 U.S. 154 (2010) ...................................................................................16

*Rios v. MicMac Recs., Inc.*,
 2023 WL 2495958 (S.D.N.Y. 2023) ..............................................................13

*Rogers v. Koons*,
 960 F.2d 301 (2d Cir. 1992)...........................................................................8

*Romano v. Kazacos*,
 609 F.3d 512 (2d Cir. 2010)...........................................................................5

*Santos v. Kimmel*,
 2024 WL 3862149 (S.D.N.Y. 2024)....................................................6, 8, 10, 13

*Sleppin v. Thinkscan.com, LLC*,
 55 F. Supp. 3d 366 (E.D.N.Y. 2014) ............................................................18

*Sullivan v. Am. Airlines, Inc.*,
 424 F.3d 267 (2d Cir. 2005)...........................................................................5

*T.B. Harms Co. v. Eliscu*,
    339 F.2d 823 (2d Cir. 1964)..................................................................17

*Urbont v. Sony Music Ent.*,
    831 F.3d 80 (2d Cir. 2016)....................................................................12

*We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*,
    221 F. Supp. 3d 396 (S.D.N.Y. 2016)...................................................11

**Statutes**

17 U.S.C. § 101, *et. seq*........................................................... *passim*

28 U.S.C. § 1331....................................................................................6

28 U.S.C. § 1338.................................................................................5-6

28 U.S.C. § 1441....................................................................................4

28 U.S.C. § 1447..................................................................................18

N.Y. Civ. Rights Law § 52-b .................................................................6

**Other Authorities**

Fed. R. Civ. P. 12(b)(6)........................................................................16

Fed. R. Evid. 201 ............................................................................13-14

U.S. Constitution, Article I ..................................................................10

Defendants Fox Corporation and Fox News Network (the "Fox Defendants") respectfully submit this Memorandum in opposition to Plaintiff Robert Hunter Biden's motion for remand and for attorneys' fees and costs ("Motion for Remand").

## PRELIMINARY STATEMENT

This Court has federal question jurisdiction under long-established Second Circuit precedent because the removal petition presents a nonfrivolous basis for preemption under the Copyright Act. After threatening the Fox Defendants with a copyright infringement suit, Mr. Biden brought three state-law claims that seek to control the use, and recover for the commercial exploitation, of images found on the laptop he abandoned at a computer repair store in Delaware.

Mr. Biden brought this meritless lawsuit more than two years after Fox News's streaming service, Fox Nation, released a program called *The Trial of Hunter Biden*, that examined potential criminal charges against the President's son. Over the past several years, Mr. Biden has been a subject of immense public scrutiny and the focus of investigations by the U.S. Department of Justice and by committees of Congress. He has been convicted of federal firearms charges in Delaware and federal tax charges in California. *The Trial of Hunter Biden* examined the evidence underlying the then-pending investigations into Mr. Biden's business dealings in China and Ukraine and into whether he received money in exchange for promises that his father would take official action on behalf of the United States.

Mr. Biden's lawsuit seeks damages for the use and commercial exploitation of certain photographs in *The Trial of Hunter Biden* in which he has claimed a copyright interest. Mr. Biden claims that the Fox Defendants' use of these photographs violated New York's "revenge porn" statute and amounted to unjust enrichment and intentional infliction of emotional distress. However, consistent with journalistic standards, Fox Nation blurred the intimate details and used

the images in connection with a nationally televised program on a matter of public interest. Other media outlets, whom Mr. Biden has not sued, also distributed these photographs. These are all reasons why Mr. Biden's claims will prove meritless under federal and New York law, including the First Amendment and New York's anti-SLAPP law.

On this motion, Mr. Biden challenges this Court's jurisdiction and denies that his claims implicate the Copyright Act. But Mr. Biden and his counsel took the opposite position when threatening to sue. Mr. Biden commenced his attack against the Fox Defendants with a lengthy demand letter, which he styled as a "Correction and Removal Demand, DMCA Takedown Notice, and Preservation Demand." That letter alleged, among other things, that the Fox Defendants had engaged in "copyright infringement pursuant to the Digital Millenium Copyright Act ('DMCA') . . . for materials featured on 'The Trial of Hunter Biden.'" Mr. Biden stated that he had "federal copyright infringement claims against FOX, since Fox Nation's unlawful publication of these photographs infringes on Mr. Biden's exclusive copyright to reproduce and display his work." ECF No. 11 at ¶ 3. And he demanded that the Fox Defendants take down the allegedly copyright-infringing material, while stating that his "removal demands are not a waiver of, or prejudice to, any of his rights, remedies, or claims at law or in equity arising from FOX's copyright infringement." *Id.* Those unequivocal statements belie his arguments now.

Mr. Biden followed that DMCA Takedown Notice with his first lawsuit and an unsuccessful effort to extract a financial settlement from the Fox Defendants, as Mr. Biden's counsel admits in her declaration. *See* ECF No. 20-1 at ¶ 17 ("[W]e proceeded against the Fox Defendants in the original action believing they would do the right thing and settle (or at least attempt to settle) the case once it was filed."). After Fox removed Mr. Biden's initial lawsuit from state to federal court based on diversity jurisdiction, Mr. Biden "ultimately chose not to pursue all

such claims," Mot. at 13, in an effort to avoid a federal forum.  Evidently fearing federal judicial scrutiny, Mr. Biden voluntarily dismissed his lawsuit without serving it.  Several months later, he filed this second lawsuit in state court but fraudulently joined Fox Corporation's former chief legal officer in a patent attempt to destroy diversity jurisdiction.  While the Complaint generally alleges his role at the company, it does not allege that he took any particular action at all with respect to the release of *The Trial of Hunter Biden*, nor is it remotely plausible that a corporation's top lawyer would personally superintend the day-to-day publishing decisions of a subsidiary.

Although the Fox Defendants removed again based on diversity jurisdiction, Mr. Biden now avers that he served Fox News through the New York Secretary of State prior to removal.  But the Fox Defendants have yet to receive any papers from the New York Secretary of State, and they have video evidence indicating that the process server hired by Mr. Biden appears to have submitted a false affidavit of service.[1]  If those papers eventually reveal that the Fox Defendants removed before service, then the Fox Defendants reserve their right to supplement this brief regarding diversity jurisdiction.  Even assuming Plaintiff effected service on the Fox Defendants, however, this Court has jurisdiction because Mr. Biden's claims raise a substantial federal question under the federal Copyright Act.

Mr. Biden's lawsuit bears all the hallmarks of one sounding in copyright law.  He seeks to control the right to publish and disseminate certain allegedly copyrightable images, tries to halt

---

[1]  The Fox Defendants would ordinarily credit the affidavit of service.  However, Mr. Biden's process server previously claimed to have served certain Defendants at Fox's corporate headquarters on 1211 Avenue of the Americas on the morning of the filing.  Yet Fox has video evidence demonstrating that the process server did not arrive at the time on the affidavit, but several hours later.  *See* Declaration of Steven A. Engel, Esq. ("Engel Decl.") Ex. 1.  When confronted with the contrary evidence, Mr. Biden's counsel dropped the issue and noted that a different individual at the process server had attested to service on the Secretary of State.  ECF 20-1 n.1; Engel Decl. Ex. 2.

the display and distribution of the allegedly copyrightable photos, and demands money for the commercial exploitation of these allegedly copyrightable works.  The Complaint identifies the allegedly copyrighted photos as "the subject of this action."  ECF No. 11 at ¶ 4.  Mr. Biden asks for "[a]n order directing Defendants to take down, remove and delete any publication of an Intimate Image of Mr. Biden" and for a permanent injunction "enjoining Defendants from publishing, disseminating, disclosing, posting, or loading" the images in question.  *Id.* at Prayer for Relief (c)-(d).  And Mr. Biden seeks to recover against the Fox Defendants because, he alleges, they "unlawfully publish[ed] and disseminat[ed] the Intimate Images of Mr. Biden" and therefore "financially benefited from 'The Trial of Hunter Biden.'"  *Id.* at ¶ 58.

All this leads to the logical conclusion that this Court possesses federal question jurisdiction over the action because the Copyright Act expressly and impliedly preempts Mr. Biden's state claims.  At this juncture, however, this Court need not adjudicate the merits of preemption.  Rather, as the Supreme Court has explained, the question is whether the Fox Defendants have asserted a nonfrivolous claim of federal question jurisdiction.  *Jerome B. Grubart, Inc. v. Great Lakes Dredge & Dock Co.*, 513 U.S. 527, 537 (1995).  The Fox Defendants have done so here, and the Motion to Remand should thus be denied. [2]

## LEGAL STANDARDS

***Federal Removal.***  The federal removal statute permits removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a).  A court does not adjudicate the merits of the claim when deciding whether it possesses original jurisdiction over the action.  *See Nowak v. Ironworkers Loc. 6 Pension Fund*,

---

[2]  Although the Fox Defendants filed the Notice of Removal, the two individual Defendants also consented to removal.  ECF No. 1 at ¶ 17; ECF No. 11 at ¶ 39.

81 F.3d 1182, 1190 (2d Cir. 1996). Instead, courts "ask only whether—on its face—the complaint is drawn so as to seek recovery under federal law or the Constitution." *Id.* If so, courts "assume or find a sufficient basis for jurisdiction and reserve further scrutiny for an inquiry on the merits." *Id.* A court will decline to find subject matter jurisdiction only "where the federal question is so plainly insubstantial as to be devoid of any merits and thus [does] not present any issue worthy of adjudication." *Id.* (internal quotation marks omitted).

    ***The Well-Pleaded Complaint Rule.*** The "well-pleaded complaint rule" provides that federal question jurisdiction exists "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the artful pleading doctrine, a plaintiff cannot defeat federal question jurisdiction by pleading the claims as if they arise "under state law" when in reality "the plaintiff's suit is, in essence, based on federal law." *Sullivan v. Am. Airlines, Inc.*, 424 F.3d 267, 271 (2d Cir 2005) (quotation omitted). As relevant here, courts will deem a plaintiff's state claim to arise under federal law where federal law may preempt one or more claims. *See Romano v. Kazacos*, 609 F.3d 512, 519 (2d Cir. 2010).

    ***Copyright Act Preemption.*** Federal courts have original jurisdiction over a claim under the Copyright Act, 28 U.S.C. § 1338(a), where "the plaintiff's right to relief necessarily depends on resolution of a substantial question of law" implicating the Copyright Act, *Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.*, 373 F.3d 296, 304 (2d Cir. 2004). Where the Copyright Act may preempt at least one state law claim, then the case arises under federal law. *Id.* The Second Circuit has recognized two kinds of preemption—statutory (or express) preemption and implied preemption. *See In re Jackson*, 972 F.3d 25, 34 (2d Cir. 2020). The Second Circuit has found implied preemption where the state law claims would "interfere with or frustrate the functioning of the

regime created by the Copyright Act," and statutory preemption where the claims "assert rights equivalent to those preempted by the Copyright Act, in works of authorship within the subject matter of federal copyright." *Id.* at 33–34; *accord Melendez v. Sirius XM Radio, Inc.*, 50 F.4th 294, 302 (2d Cir. 2024).

## ARGUMENT

### I.    This Court Has Federal Question Jurisdiction Over The Removed Action Because Mr. Biden's Claims Present Substantial Questions Under The Copyright Act.

This Court has federal question jurisdiction because this case presents substantial questions under the Copyright Act. *See* 28 U.S.C. §§ 1331, 1338. Mr. Biden's claims arise within the subject matter of copyright and deal with the use of the copyrighted work itself. *See In re Jackson*, 972 F.3d at 42. And the rights he asserts are equivalent to those available in copyright. *Id.* Thus, his claims are expressly preempted. His claims are also impliedly preempted because they are fundamentally "aimed at stopping" the display of his works without a license. *See Santos v. Kimmel*, 2024 WL 3862149, at *10 (S.D.N.Y. Aug. 19, 2024). Mr. Biden has previously acknowledged that his claims sound in copyright. And it is only to avoid federal court that he attempts to avoid preemption. This, he cannot do. His remedy is under the Copyright Act.

Mr. Biden initiated his public dispute with the Fox Defendants by claiming copyright in certain personal photos, demanded that the Fox Defendants remove them from online distribution, and threatened to pursue damages under the Copyright Act. The Demand Letter stated that he "has federal copyright infringement claims against FOX, since Fox Nation's unlawful publication of these photographs infringes on Mr. Biden's exclusive copyright to reproduce and display his work." ECF No. 11-1 at ¶ 3. He claimed the right to recover for the Fox Defendants' commercial exploitation of those images. *Id.* In response, and out of an abundance of caution, the Fox Defendants did indeed remove the two-year-old program from online distribution.

Mr. Biden followed that Demand Letter by asserting state law claims in New York state court for unjust enrichment, violation of the New York Civil Rights Law Section 52-b, and intentional infliction of emotional distress based upon those allegedly copyrighted photos. But Mr. Biden cannot avoid federal jurisdiction by recasting his infringement claim as state law claims. The Complaint identifies the allegedly copyrighted photos as "the subject of this action." *Id.* at ¶ 4. Mr. Biden asks this Court for "[a]n order directing Defendants to take down, remove and delete any publication of an Intimate Image of Mr. Biden" and for a permanent injunction "enjoining Defendants from publishing, disseminating, disclosing, posting, or loading" the images in question. *Id.* at Prayer for Relief (c)-(d). Mr. Biden further seeks to recover against the Fox Defendants because they "unlawfully publish[ed] and disseminat[ed] the Intimate Images of Mr. Biden" and therefore "financially benefited from 'The Trial of Hunter Biden.'" *Id.* at ¶ 58. These are the precise remedies that Mr. Biden previously demanded when threatening copyright claims. Mr. Biden thus asserts the right to control the distribution and the commercial exploitation of allegedly copyrighted images, and that is sufficient to establish federal question jurisdiction.

### A.    Mr. Biden's Claims Are Expressly Preempted.

Mr. Biden's claims are expressly preempted because his claims challenge the alleged commercial exploitation of a copyrightable work. With respect to express preemption, courts perform a two-part analysis of the state law claims. *See In re Jackson*, 972 F.3d at 42. The court first asks whether "the work against which the plaintiff claims rights" is "within the subject matter of copyright," *id.*, and whether "the gravamen" of the claim is "the use of the copyrighted work itself," *id.* at 52. Next, the court asks whether the right asserted is "equivalent to" any right provided by the "general scope of copyright." *Id.* If the "nature" or "essence" of the claim is indistinguishable from a copyright claim, then the court will find the state claims preempted. *Id.*

Mr. Biden's claims satisfy both steps. By his own description, the gravamen of Mr. Biden's claim turns on copyright. He expressly seeks to control the right to publish and disseminate certain photographic images. ECF No. 11-1 at ¶ 9. "For more than a century[,] photographs have been held to be copyrightable 'writings.'" *Rogers v. Koons*, 960 F.2d 301, 306 (2d Cir. 1992); *see also* 17 U.S.C. § 102(a)(5) (defining the subject matter of copyright as inclusive of "pictorial . . . works"). Thus, the works at issue here (certain photographic images) fall within the subject matter of copyright. And the essence of Mr. Biden's claim is indistinguishable from a copyright claim. He seeks to assert exclusive control over the rights to "publish," "disseminat[e]," *see* ECF No. 11-1 at ¶¶ 8, 9, 16, and "profit[]" from the works at issue, *id.* at ¶ 60, Prayer for Relief (e). That mirrors a copyright owner's exclusive rights to reproduce, distribute, and make derivative works from an original photograph. *See* 17 U.S.C. § 106. Indeed, Mr. Biden expressly claims the right to recover for unjust enrichment based upon the alleged commercial exploitation of these photos. *See* ECF No. 11-1 at ¶ 17, 57–60 (seeking disgorgement of profits gained as a benefit from "publishing and disseminating the Intimate Images"). As a result, the Copyright Act expressly preempts Mr. Biden's state law claims.

### B.    Mr. Biden's Claims Are Impliedly Preempted.

Mr. Biden's claims are preempted based upon implied preemption. With respect to implied preemption, courts consider whether under "the circumstances of a particular case, the challenged state law stands as an obstacle to the accomplishment and execution of the full purposes and objectives of Congress." *In re Jackson*, 972 F.3d at 34 (quoting *Crosby v. Nat'l Foreign Trade Council*, 530 U.S. 363, 373 (2000)). And courts have held state law claims to be preempted when they are "ultimately 'aimed at stopping' the public display of [] copyrighted works without a proper license." *Santos*, 2024 WL 3862149, at *10 (quoting *Melendez*, 50 F.4th at 308).

8

Here, too, Mr. Biden's claims plainly satisfy these requirements.  The claims are "aimed at stopping" the display or distribution of "alleged copyrightable home [photos]" and for recovering for the commercial exploitation of those works.  *Aronson v. Dog Eat Dog Films, Inc.*, 738 F. Supp. 2d 1104, 1116 (W.D. Wash. 2010).  Indeed, Mr. Biden seeks a permanent injunction enjoining publication or dissemination of the photos, *see* ECF No. 11-1 at Prayer for Relief (d), "[a]n order directing Defendants to take down, remove and delete any publication" of the images, *id.* at (c), and disgorgement of profits from the use of the photos, *id.* at (e).  The requested relief makes clear that Mr. Biden's state claims in fact arise under the Copyright Act.  *See DeCarlo v. Archie Comic Publications, Inc.*, 11 F. App'x 26, 29 (2d Cir. 2001).  Yet, in this suit, he does not bring copyright claims, but instead seeks the same forms of relief through a strained and novel view of state law.

Many courts have found preemption where, as here, the plaintiff seeks to rely upon state law claims to prevent the public or commercial use of works, including personal footage.  *See, e.g.*, *Cummings v. Soul Train Holdings LLC,* 67 F. Supp. 3d 599, 603 (S.D.N.Y. 2014) (holding preempted right of publicity claim alleging unauthorized distribution of video of music performance); *Aronson*, 738 F. Supp. 2d at 1116 (holding that state law claims, including a claim for the invasion of privacy, were preempted because they "arise solely from the use of [] alleged copyrightable home video" in a documentary).  This is so even though the state law claims have additional elements or protect additional privacy interests beyond those under the Copyright Act.

Thus, in *In re Jackson*, 972 F.3d 25, the Second Circuit held that a state law claim for violation of the right to publicity was preempted because the plaintiff's claims sought to stop the defendant from commercially exploiting a copyrighted work.  The state claim threatened to impair the rights to exploitation granted under the Copyright Act or otherwise "interfere with the proper functioning of the copyright system."  *Id.*  The same logic applies here.  Mr. Biden has pleaded

claims that seek to grant him control over the use of the images at issue and to recover for lost profits from the Fox Defendants' use of those images. Mr. Biden's state law claims, particularly his unjust enrichment claim, would wrest from Congress the exclusive authority to regulate copyright, *see* U.S. Const., art. I, § 8, cl. 8, and vest a competing authority in the New York state courts. To the extent that Mr. Biden seeks to prevent the Fox Defendants from commercially exploiting the images in question, he must rely exclusively on the rights and remedies of the Copyright Act.

To take another example, in *Santos v. Kimmel*, the former Congressman, George Santos, alleged that a talk show host had purchased personalized video messages through the Cameo app under false pretenses and then aired them on his talk show to lampoon and humiliate the plaintiff. 2024 WL 3862149 at *1–2. The Court found Santos's breach of contract and unjust enrichment claims to be preempted under the Copyright Act because they were "ultimately 'aimed at stopping' the public display of his copyrighted works without a proper license, not at the defendants' use of false information to procure the Videos." *Id.* at *10 (quotation omitted). The same is true here. Like Congressman Santos, Mr. Biden has claimed that Fox Defendants misused his copyrightable works and now seeks to recover for the alleged commercial exploitation. *See id.* at *9.

This Court reached a similar conclusion in *Barnhart v. Federated Dep't Stores, Inc.*, 2005 WL 549712 (S.D.N.Y. Mar. 8, 2005), holding that the Copyright Act preempted a songwriter's fraud claims against a department store chain. *Id.* at *3. The court reasoned that the songwriter's claims had to travel through the Copyright Act, which amounted to the songwriter's "exclusive source of rights." *Id.* at *3. In the Court's view, it did not matter that the songwriter had pled fraud. The alleged fraud rested on a "misrepresentation . . . that [a third party] was the author of

songs of which the plaintiff was the sole author," meaning that the songwriter's claims turned on the "plaintiff's rights as author of the works in question." *Id.* The same logic applies here. Mr. Biden alleges that the Fox Defendants wrongfully procured and used Mr. Biden's images. But, in reality, the rights Mr. Biden seeks to vindicate grow out of his interest in controlling the use and dissemination of the images in question.

## C. The Fox Defendants' Nonfrivolous Preemption Arguments Are A Sufficient Basis for Removal.

All in all, Mr. Biden seeks to vindicate rights protected by the Copyright Act and requests the classic copyright remedies for such a violation. The Copyright Act thus likely preempts his state claims, which provides a substantial federal question and a basis for federal question jurisdiction. *See Nowak*, 81 F.3d at 1190 (finding federal question jurisdiction and reserving "further scrutiny for an inquiry on the merits"). But the Court need not decide now whether the claims are preempted. This is because both the Supreme Court and the Second Circuit have instructed that "[n]ormal practice permits a party to establish jurisdiction at the outset of a case by means of a nonfrivolous assertion of jurisdictional elements." *Jerome B. Grubart, Inc.*, 513 U.S. at 537; *accord All. For Env't Renewal, Inc. v. Pyramid Crossgates Co.*, 436 F.3d 82, 88 (2d Cir. 2006) ("The Court may also deem it appropriate to make a preliminary finding on jurisdictional facts, subject to revision later in the proceedings or at trial."). And the ambit of copyright preemption in turn is itself capacious, as "the scope of copyright for preemption purposes . . . extends beyond the scope of available copyright protection." *Forest Park Pictures v. Universal Television Network, Inc.*, 683 F.3d 424, 429–30 (2d Cir. 2012); *see also We Shall Overcome Found. v. Richmond Org., Inc. (TRO Inc.)*, 221 F. Supp. 3d 396, 410 (S.D.N.Y. 2016) ("The scope of the subject matter of preemption is intended to be broad and includes all works of a type covered by [the Copyright Act], even if federal law does not afford protection to them."). Put another way,

the removing party need only clear a low bar of a low bar: assert a nonfrivolous jurisdictional basis for removal, based upon the already broad scope of copyright preemption. Because the Fox Defendants have plainly made such an assertion, this Court should deny the Motion to Remand and defer the remaining questions for adjudication for the Fox Defendants' motion to dismiss.

### D.    Mr. Biden Fails To Establish The Absence Of A Question Under The Copyright Act.

In the Motion to Remand, Mr. Biden offers a mishmash of arguments in opposition to federal jurisdiction, none of which can erase this Court's jurisdiction. Notably, Mr. Biden never clearly articulates what legal standard governs his motion but incorrectly treats the matter as rising and falling entirely on the ultimate merits of the preemption question. Mr. Biden also makes no attempt to distinguish *In re Jackson* and other controlling precedents from his out-of-context snippets from earlier off-point cases.

*First*, Mr. Biden asserts that this Court has federal question jurisdiction "only where a federal claim appears on the face of the complaint." Mot. at 12. But that is wrong. The Second Circuit has held that even when all pleaded claims are state law claims, the preemption of one or more state law claims under the Copyright Act supplies the federal question. *Briarpatch Ltd.*, 373 F.3d at 305 ("[D]istrict courts have jurisdiction over state law claims preempted by the Copyright Act."); *see also, e.g.*, *Urbont v. Sony Music Ent.*, 831 F.3d 80, 93 (2d Cir. 2016) ("[T]he Copyright Act preempts state law claims asserting rights equivalent to those protected within the general scope of the statute."); *DeCarlo*, 11 F. App'x at 28–29 (noting that where a complaint contains "elements very similar to a copyright claim," it need not use the term "copyright" to sound in federal law. Mr. Biden elsewhere in his motion admits, as he must, that this Court has federal jurisdiction over cases where there is a question of federal copyright preemption. Mot. at 16–18. Thus, it makes no difference that Mr. Biden elected to avoid stating any federal claims where he

pursued the same remedies through state law causes of action.[3]  Indeed, that is the entire nature of preemption—a plaintiff has asserted a state law claim that is overtaken by federal law.

Rather than engage on this point, Mr. Biden challenges the Fox Defendants' reliance upon his pre-suit demand letter threatening copyright infringement.  But he does not explain why this Court should ignore his own characterization of the dispute.  Mr. Biden says that *City of Rome, N.Y. v. Verizon Commc'ns, Inc.*, 362 F.3d 168 (2d Cir. 2004), held that a pre-suit reference to federal law would not matter, but that is not accurate.  Instead, the Court of Appeals considered the pre-suit letter, and concluded that it amounted only to "an anticipatory rejoinder to a defense" that could be raised by the defendant, which could not "any more than a defense itself, provide the basis for federal court jurisdiction."  *Id.* at 175 n.4.  By contrast, here, Mr. Biden's invocation of the Copyright Act was not a mere "rejoinder to a defense," but a threatened claim and a demand for relief that may properly inform this Court's assessment of the state law claims and remedies ultimately asserted.

Here, the claims and relief sought within the Complaint are sufficient to trigger preemption.  But Mr. Biden's pre-suit demand letter provides additional context to evaluating the claims and remedies that he seeks.  *See Rios v. MicMac Recs., Inc.*, 2023 WL 2495958, at *3 (S.D.N.Y. Mar. 14, 2023).  Courts "may consider materials outside the pleadings" when determining the existence of jurisdiction.  *Am. Girl, LLC v. Zembrka*, 118 F.4th 271, 276 (2d Cir. 2024); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 569 n.13 (2007) (holding that the "District Court was entitled to take notice" of relevant facts under Fed. R. Evid. 201); Fed. R. Evid. 201(b)(2) (allowing a court

---

[3]  For the same reason, Mr. Biden cannot distinguish *Aronson*, 738 F. Supp. 2d 1104, and *Santos*, 2024 WL 3862149, on the ground that the plaintiffs there also asserted copyright claims.  *See* Mot. at 17 n.6.  The question for federal jurisdiction is whether the *state law* claim would be preempted—as it was in those cases—not whether the plaintiff separately asserted (rather than merely threatened) a claim for copyright infringement.

to take judicial notice of facts that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"). Mr. Biden's forceful statement to the Fox Defendants that they had infringed his copyrights, and that he had a right to recover for their exploitations of those images, is certainly relevant to assessing whether his subsequent attempt to do just that, through state law claims, should be preempted by the Copyright Act. And Mr. Biden himself references the demand letter in the Complaint. ECF No. 11-1 at ¶ 12.

**Second**, citing legislative history, Mr. Biden argues that the Copyright Act does not preempt all state tort actions, such as those relating to defamation or an invasion of privacy. Mot. at 17. But that is beside the point—because federal courts have not hesitated to closely examine such state law claims to determine whether they are preempted. The relevant question is whether such claims seek to vindicate state law interests independent of the Copyright Act or instead whether they essentially seek to recover for the exploitation of a copyrighted work. If it is the latter, the claim is preempted. *In re Jackson*, 972 F.3d at 37. And—because Mr. Biden seeks copyright remedies for alleged infringement of works within the subject matter of copyright—his claim falls within the latter category here.

Seeking to avoid that conclusion, Mr. Biden asserts that his claims "incorporate[] several 'extra elements' beyond those necessary to prove copyright infringement." Mot. at 16 (citation omitted). But "not all 'extra elements' are sufficient to remove the claim from the 'general scope' of copyright." *In re Jackson*, 972 F.3d at 43. Instead, those elements must make the claim "qualitatively different" from a copyright claim. *Briarpatch Ltd.*, 373 F.3d at 306. And Second Circuit law "take[s] a restrictive view of what extra elements transform an otherwise equivalent claim into one that is qualitatively different from a copyright infringement claim." *Id.* Here, Mr. Biden's desire to exercise exclusive control over the rights to "publish," "disseminat[e]," *see* ECF

No. 11-1 at ¶¶ 8, 9, 16, and "profit[]" from certain photographs, *id.* at ¶ 60, Prayer for Relief (e), mirrors a copyright owner's exclusive rights to prepare, reproduce, and distribute original and derivative works, *see* 17 U.S.C. § 106; *In re Jackson*, 972 F.3d at 45 (noting that a claim that "seeks to control the reproduction of a copyrightable work . . . clearly fall[s] with the 'subject matter of copyright'").   And while Mr. Biden focuses upon the "extra elements" of his (implausible) "revenge porn" claim, he avoids mentioning his unjust enrichment claim, which plainly serves no other interest than recovering for the alleged commercial exploitation of the photos.   It is thus clearly preempted, and that suffices for federal jurisdiction.

Curiously, Mr. Biden relies on *In re Jackson*, 972 F.3d 25, to assert that the Complaint "seek[s] to vindicate substantial state privacy interests distinct from those furthered by the copyright law."  Mot. at 18.  But the plaintiff in *In re Jackson* made that precise argument—and the Second Circuit rejected it.  *See* 972 F.3d at 39 ("Jackson's claim does not seek to vindicate any substantial state interests distinct from those furthered by the copyright law.").  Mr. Biden also now asserts that this action is "aimed at stopping the unlawful public dissemination of nonconsensual Intimate Images of him," Mot. at 18, but that allegation is implausible given that Fox blurred the intimate details of the images in the first place, and that Mr. Biden: (i) waited two years after *The Trial of Hunter Biden* was televised before sending his demand letter; (ii) waited another two months to file his first lawsuit; (iii) dismissed his first lawsuit on the same day that his father withdrew from the Presidential race; (iv) has not filed suit against other publications or individuals that have widely distributed those same images; and (v) seeks to recover financially for the alleged commercial exploitation of these images.

In fact, Mr. Biden's own actions belie his arguments here.  He copied the alleged offending images in his demand letter, which he then apparently provided to several media organizations.

*See, e.g.*, Sarah Fitzpatrick, *Lawyers for Hunter Biden plan to sue Fox News 'imminently'*, NBC News (April 29, 2024) (stating that the publication had "obtained" Mr. Biden's demand letter, which reproduces the images at issue); Holmes Lybrand & Dana Bash, *Hunter Biden demands that Fox News remove 'intimate' images from its platforms*, CNN (April 30, 2024) (same); Lucien Bruggeman, *Hunter Biden threatens to sue Fox News for airing 'revenge porn'*, ABC News (April 30, 2024) (same). Mr. Biden's lawsuit has all the hallmarks of a public relations effort, and a shakedown, rather than a plausible and sincere effort to accuse a global media company of violating New York's "revenge porn" statute. *See* ECF No. 20-1 at ¶ 17 ("[W]e proceeded against the Fox Defendants in the original action believing they would do the right thing and settle (or at least attempt to settle) the case once it was filed.").

  **Third**, Mr. Biden suggests that his claims cannot be preempted because he did not register the images with the Copyright Office and therefore could not yet sue for infringement. *See* Mot. at 13 n.5. But Mr. Biden's failure to register his work did not stop him from publicly accusing the Fox Defendants of copyright infringement. And in any event, the Supreme Court made clear more than a decade ago that whether a copyright is registered goes to the merits of copyright claims, not federal jurisdiction over them. *See Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154, 163 (2010) (holding that the registration requirement is non-jurisdictional); *see also, e.g., McKenzie-Morris v. V.P. Recs. Retail Outlet, Inc.*, 2022 WL 18027555, at *4 (S.D.N.Y. Dec. 30, 2022) (exercising jurisdiction over a copyright claim following defendants' removal and dismissing for failure to state a claim due to the work's lack of copyright registration); *Laine v. Pride, 2010 WL 199927*, at *5 (S.D.N.Y. Jan. 19, 2010) ("Even where a court dismisses a copyright action for failure to state a claim pursuant to Rule 12(b)(6), the basic claim can still be sufficient to support jurisdiction under the act."). Mr. Biden's argument against preemption is thus merely an admission that he

has failed to perfect his copyright claim. And his attempt to bring such a claim under state law is thus an impermissible attempt to avoid compliance with the Act's requirements.

*Fourth*, Mr. Biden disputes whether the claims here "arise under" the Copyright Act within the meaning of *T.B. Harms Co. v. Eliscu*, 339 F.2d 823 (2d Cir. 1964). Under that test, the court looks to whether a complaint seeks a remedy "expressly granted" by the Copyright Act or "asserts a claim requiring construction of the Act." *Id.* at 828. If so, then the complaint raises a federal question. But the *T.B. Harms* standard is applied where the plaintiff seeks to bring a breach of contract claim that relates to a copyrighted work, and the court must determine whether the action truly implicates the Copyright Act, or whether it is at heart a contract dispute that happens to involve a copyrighted work. Where, as here, the question is itself one of copyright preemption, then the *T.B. Harms* standard is met—because the claim necessarily requires an interpretation of the scope of the preemptive force of the Copyright Act. *See In re Jackson*, 972 F.3d at 42; *Bassett v. Mashantucket Pequot Tribe*, 204 F.3d 343, 356 (2d Cir. 2000).

Indeed, Mr. Biden's prayer for relief defies his assertion that the Complaint does not seek remedies granted by the Copyright Act, even if he studiously avoids naming them. *See* Mot. at 14. The Copyright Act provides for a range of remedies, including temporary and permanent injunctions, 17 U.S.C. § 502, actual damages, 17 U.S.C. § 504, disgorgement of profits, *id.*, and attorneys' fees, 17 U.S.C. § 505. The Complaint here seeks the same remedies in an effort to recover for the alleged commercial exploitation of the images and to enjoin further distribution of the works. *See* Complaint at Prayer For Relief. The Copyright Act makes all the above forms of relief available to Mr. Biden.

## II. This Court Should Not Award Attorneys' Fees And Costs If It Remands The Action.

Whether or not this Court grants the Motion to Remand, Mr. Biden is not entitled to attorneys' fees. As the Supreme Court has recognized, "[t]he standard for awarding fees should

turn on the reasonableness of the removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 140 (2005). Courts may "award attorney's fees under § 1447(c) [] where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* But "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Id.* at 136.

Courts have recognized that the standard for awarding attorneys' fees is heightened when a removing party is asserting federal question jurisdiction based on preemption under the Copyright Act. *See, e.g.*, *Acorne Prods., LLC v. Tjeknavorian*, 2014 WL 3360344, at *7 (E.D.N.Y. July 9, 2014) (holding that a mere lack of jurisdiction did not suffice to award attorneys' fees "given the complexity and uncertainty of the law in th[e] area" of copyright preemption). That is so because, where removal raises "complex issues" in "a somewhat unsettled area of the law," then the court should not award attorneys' fees. *Sleppin v. Thinkscan.com, LLC*, 55 F. Supp. 3d 366, 381 (E.D.N.Y. 2014). And preemption under the Copyright Act has proven complex.

Here, the Fox Defendants had a legitimate basis at the time of removal to assert that this Court possessed diversity jurisdiction over the action. The Fox Defendants in fact previously removed the same action in June 2024, ECF No. 11-2, and Mr. Biden did not contest it, s*ee Gibbons v. Bristol-Myers Squibb Co.*, 919 F.3d 699, 705 (2d Cir. 2019) (authorizing snap removal). At the time of removal, the Fox Defendants had no information that Mr. Biden had sought to effectuate service, and Mr. Biden's addition of Fox Corporation's former chief legal officer to the complaint was a classic case of fraudulent joinder. *See, e.g.*, *Pampillonia v. RJR Nabisco, Inc.* 138 F.3d 459, 460–61 (2d Cir. 1998). Mr. Biden had filed the very same complaint as the first time around, but it did not include the officer in that suit. It added that executive (and

a second, non-diverse executive) as Defendants without any corresponding allegations to identify any particular wrongful act that they had performed with respect to Mr. Biden.

Finally, Mr. Biden can hardly claim any special prejudice based upon his obligation to brief this Motion for Remand.  Mr. Biden waited nearly two years before initially challenging *The Trial of Hunter Biden*; he filed his initial lawsuit only to voluntarily dismiss it; and then he waited four months before filing the very same lawsuit again.  Mr. Biden's gamesmanship with his first lawsuit, which appears to have been (unsuccessfully) designed to defeat federal jurisdiction, has already imposed additional and unnecessary costs on the Fox Defendants.  Even if this Court concluded that Mr. Biden's second gambit succeeded, and this Court now lacks federal jurisdiction, there would be no warrant in equity or good conscience to impose an award of attorneys' fees on the Fox Defendants in connection with the Motion to Remand.


Dated: November 27, 2024


<div style="margin-left:40%">

Respectfully submitted,

*/s/ Steven A. Engel*
Andrew J. Levander
Steven A. Engel
Michael H. McGinley (*pro hac vice*)
Justin W. Aimonetti (*pro hac vice*)
DECHERT LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
Phone: (212) 698-3500
steven.engel@dechert.com
michael.mcginley@dechert.com
justin.aimonetti@dechert.com


*Attorneys for the Fox Defendants*

</div>