

Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500  Main
+1 212 698 3599  Fax
www.dechert.com

**STEVEN A. ENGEL**

Steven.Engel@dechert.com
+1 212 698 3512  Direct
+1 212 994 3599  Fax

May 14, 2025

**VIA ECF**

Hon. Jennifer H. Rearden
United States District Court
Southern District of New York
500 Pearl Street, Room 1010
New York, NY 10007

      Re:    *Biden v. Fox News Network, LLC, et al.*, No. 24-cv-07814

Dear Judge Rearden:

      On behalf of the Fox Defendants, I write in advance of the May 16, 2025 conference on Plaintiff Robert Hunter Biden's Motion to Remand.[1] As explained in the Fox Defendants' Opposition to the Motion to Remand, this Court has federal-question jurisdiction because the removal petition presents a nonfrivolous basis for preemption under the Copyright Act. ECF 27. To the extent, however, that the Court considers the propriety of removal based on diversity jurisdiction, the Fox Defendants respectfully submit this letter to reflect the latest information as to the timing of service.

      In the Opposition, the Fox Defendants stated that as of November 27, 2024, they had not received any papers from the New York Secretary of State relating to Plaintiff's assertion that he had effectuated service on Fox News prior to removal. *See* ECF 27 at 3. As of this date, Fox News still has not received any service papers from the Secretary of State, and the Secretary of State has indicated that no such service was received. *See* Declaration of Joy Dumlao, Ex. 1 ¶ 8.

      Following the Court's order scheduling the May 16 conference, the Fox Defendants reached out again to the Secretary of State. *Id.* ¶ 7. On May 12, 2025, the Secretary of State advised the Fox Defendants by telephone that the office had not found any evidence that the Secretary had been served in this case as an agent of Fox News. *Id.* ¶ 8. The Fox Defendants requested written confirmation in advance of Friday's hearing, and the Secretary of State stated that the office would seek to respond by Thursday. *Id.* ¶ 10. Given the impending hearing, the Fox Defendants wanted to notify the Court in advance because

---

[1] The Fox Defendants are Fox News Network LLC ("Fox News") and Fox Corporation.

the timing of service will be relevant in the event the Court reaches the question of whether it has diversity jurisdiction.

The Court need not address diversity jurisdiction at all should the Court conclude that the removal petition presents a nonfrivolous basis for preemption under the Copyright Act. Should the Court reach the issue, however, then the Secretary of State's letter may help clarify matters, because the Fox Defendants appear to have removed this action prior to the service of any New York parties. *See Gibson v. Bristol-Myers Squibb Co.*, 919 F.3d 3d 699, 704-07 (2d Cir. 2019). To the extent any factual dispute remains that would bear upon the Court's jurisdiction, district courts may grant limited discovery to resolve it. *E.g.*, *UDG Mgmt., LLC v. Ironshore Indem. Corp.*, 2024 WL 1905833, at *2 (S.D.N.Y. May 1, 2024); *Tutor Perini Bldg. Corp. v. New York City Reg'l Ctr., LLC*, 2020 WL 7711629, at *3 (S.D.N.Y. Dec. 29, 2020).

Mr. Biden previously claimed that removal was improper, because certain in-state Defendants were served prior to removal (i) by leaving the papers at the "messenger center" at Fox's corporate headquarters at 1211 Avenue of the Americas on the morning of the filing, and (ii) by service on Fox News at the Secretary of State. *See* ECF 22, Decl. of Tina Glandian Ex. 3. The first method of service would not have been legally sufficient, and Mr. Biden dropped reliance upon it after the Fox Defendants advised that video evidence at 1211 Avenue of the Americas conflicted with the process server's account. *See* ECF 27 at 3 n.1. The Secretary of State has now advised the Fox Defendants that there is no record of service there either. Therefore, removal appears to be procedurally proper. At the very least, the service dispute "presents a sufficient 'threshold showing' to support a 'colorable claim' of jurisdiction," *Tutor Perini Bldg. Corp.*, 2020 WL 7711629, at *3 (quoting *Mills 2011 LLC v. Synovus Bank*, 921 F. Supp. 2d 219, 227 (S.D.N.Y. 2013)).

As reflected in the Notice of Remand, this Court has diversity jurisdiction because Mr. Biden is a California resident, the other defendants hale from different states, and the sole California defendant, Viet Dinh, Fox Corporation's former Chief Legal and Policy Officer, has been fraudulently joined. *See Pampillonia v. RJR Nabisco, Inc.*, 138 F.3d 459, 461 (2d Cir. 1998). The Complaint does not contain a single allegation of any tortious act undertaken by Mr. Dinh. Instead, the Complaint alleges only that Mr. Dinh ran "a robust in-house legal department," ECF 11 Ex. 1 ¶¶ 19-21; many Fox lawyers reported to him, *id.* ¶ 31; and although Mr. Dinh "knew or should have known" that publishing *The Trial of Hunter Biden* would be unlawful, "on information and belief," he advised Fox News to publish. *Id.* ¶¶ 31-32.

Mr. Biden does not identify how he could possibly know that any particular Fox lawyer, much less Mr. Dinh, provided confidential legal advice on publishing *The Trial of Hunter Biden*. But even so, Mr. Biden offers no theory under which a corporate lawyer may be sued for legal advice provided to his employer. *E.g., Goldman v. Walder*, 1998 WL 5391, at *4 (S.D.N.Y. Jan. 7, 1998) ("In New York State, an attorney is not liable to third parties absent a showing of fraud or collusion, or of a malicious and tortious act." (internal citations and quotation marks omitted)); Restatement (Third) of the Law Governing Lawyers § 56 (2000) ("A lawyer, like other agents, is not as such liable for acts

of a client that make the client liable."); *Maschino v. Royalty*, 2014 WL 6775434, at *7 (S.D. Ind. Dec. 2, 2014) (same). Mr. Dinh has been fraudulently joined, plain and simple.

Because the Court has federal-question jurisdiction, the Fox Defendants believe that the Court need not resolve any questions over removal and diversity jurisdiction. However, to the extent that the Court disagrees, or believes further scrutiny over removal would be helpful, the Secretary of State's letter may elucidate whether service was effectuated prior to removal.

                                  Respectfully Submitted,

                                  Steven A. Engel

cc: All counsel via ECF